**THE MCDANIEL LAW FIRM, PC**
54 Main Street
Hackensack, New Jersey 07601
(201) 845-3232
(201) 845-3777 (Facsimile)
*Attorneys for Plaintiff Baseprotect USA, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BASEPROTECT USA, Inc., a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SWARM # 6F3E88FE60CA4A30467E1F93EEDE61B787BFCE07, a joint enterprise, and JOHN DOES 1-X, such persons being presently unknown participants and members of the joint enterprise,<br><br>Defendants. | Civ. Action. No.<br><br>**COMPLAINT** |

Plaintiff **BASEPROTECT USA, INC.**. ("Baseprotect"), by and through its undersigned attorneys, respectfully submits its Complaint and alleges against Defendants **SWARM # 6F3E88FE60CA4A30467E1F93EEDE61B787BFCE07** and **JOHN DOES 1-X**, as follows:

### SUMMARY OF ACTION

1.     This is a civil action seeking damages and injunctive relief for copyright infringement, removal of copyright management information, and civil conspiracy. The Defendants in this matter are (1) "Swarm # 6F3E88FE60CA4A30467E1F93EEDE61B787BFCE07," (hereafter the "Swarm" or the "Torrent"), a joint enterprise formed by the express agreement of its members having as its purpose to create and/or maintain a file-sharing network on the Internet that duplicated and

distributed Baseprotect's copyrighted work, and (2) the individual Defendants who participated in the enterprise, and who are liable for their individual acts of infringement and jointly and severally liable for the conduct committed by the enterprise.  A true and accurate copy of the list of the individual Defendants identified by IP address is attached hereto as **Exhibit A**.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. 1338(a) (copyright).

3.      Jurisdiction in this District is proper.  The enterprise Defendant, as discussed below, was created and maintained through the active and affirmative agreement of the individual Defendants to establish, join, and maintain a Peer-to-Peer ("P2P") network for the purpose of duplicating and distributing the motion picture "Weekend".  Although the scope of the operation of the network covered multiple states, as well as other nations, the entity operated within New Jersey in that information from the network was duplicated and distributed from computers and Internet service accounts within New Jersey.  Each of the individual Defendants, for pecuniary motive, and in contravention of United States copyright law, joined the network and agreed to act as both a server on which illegal copies of the copyrighted work were duplicated and stored, and to illegally offer the copyrighted work to other members of the network for duplication.  Moreover, each of the individual Defendants, as described in more detail below, participated in a civil conspiracy to illegally distribute a copyrighted work and are subject to personal jurisdiction in each and every judicial district in which the conspiracy operated.

4.      Venue in this jurisdiction is proper.  See 28 U.S.C. §§ 1391 (b), 1400 (a).  The Swarm operated within New Jersey and, in furtherance of the purpose of the enterprise,

copyrighted information was duplicated and offered for distribution within New Jersey.  Each of the individual Defendants may be found within this District in that each is subject to the personal jurisdiction of this Court as a result of their participation in the unlawful network and the civil conspiracy.  By joining the enterprise, the express purpose of which was to illegally duplicate and distribute the file across the Internet, the Defendants may reasonably be called to answer for their conduct in each and every jurisdiction in which the enterprise operated.

**PARTIES**

5.      Plaintiff Baseprotect is corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 100 Morris Avenue, Suite 101, Springfield, New Jersey 07081.  Baseprotect is in the business of protecting the holders of valid copyrights against infringement through unlawful copying on the Internet.

6.      Baseprotect is the beneficial owner of the exclusive right from CEZAR 10 to duplicate and distribute the motion picture "Weekend", at issue in this case, in particular the right to duplicate and distribute across file-sharing networks.  A true and accurate copy of the application for Copyright Registration is attached hereto as **Exhibit B**.  A true and accurate copy of the License Agreement between Baseprotect and CEZAR 10 is attached hereto as **Exhibit C**. Moreover, Baseprotect, in conjunction with its exclusive license, is the assignee of past, present and future claims of infringement and, to the extent any such rights have not been transferred, is the lawful attorney-in-fact of the author to prosecute in its own name or in the name of the author any claim for copyright infringement occurring on file-sharing networks not otherwise transferred by its license agreement.

7.      The motion picture "Weekend" that is the subject of this lawsuit is a foreign work and is subject to protection under the Berne Convention and United States copyright law.    In

addition, prior to each act of infringement alleged herein, application for registration, together with a deposit copy, was made with the United States Copyright Office.  See **Exhibit B**.

8.      Swarm  #  6F3E88FE60CA4A30467E1F93EEDE61B787BFCE07  is  a  joint enterprise, created by the conduct and affirmative agreement of the individual Defendants, and others presently unknown to Baseprotect, to distribute the copyrighted work "Weekend".  Each member of the joint enterprise joined the enterprise through affirmative conduct to achieve a common purpose for their financial benefit, and as a result of the technology used to facilitate the Swarm, each member had an equal voice in the management of the enterprise.

9.      The  true  names  and  capacities  of  the  individual  Defendants  are  unknown  to Baseprotect at this time.  Each such Defendant is known to Baseprotect only by the Internet Protocol ("IP")  address  assigned  to  that  Defendant's  Internet  service  account  by  his  or  her Internet Service Provider ("ISP")  on the date  and time  that Defendants' participated in the unlawful file-sharing torrent.  A true and accurate copy of information related to these infringing acts is attached hereto as **Exhibit A**.  Baseprotect believes that information obtained in discovery will lead to the identification of each Defendant's true name.

10.      Each individual defendant, by affirmative conduct, was a member of the joint enterprise, Swarm # 6F3E88FE60CA4A30467E1F93EEDE61B787BFCE07, in that a computer within the Defendant's custody and control was used to duplicate and distribute the work, an Internet service account controlled by the Defendant provided a connection to the network, and the computers, networks, and Internet service accounts transmitted copyrighted material in violation of the rights of the copyright holder.  The conduct of the Defendants was at a minimum voluntary and, upon information and belief, in most cases willful.

11.     Each individual Defendant was a participant in the civil conspiracy described herein.

12.     Upon information and belief, none of the Defendants as participants in Swarm # 6F3E88FE60CA4A30467E1F93EEDE61B787BFCE07 have complied with the conditions precedent to benefit from the safe harbor protections from liability provided under 17 U.S.C. § 512.

13.     Joinder is warranted and appropriate in the instant case.  Each Defendant is identified by an IP address that was connected to the P2P network on which the pirated work was stored and distributed.  Each such IP address is associated with an Internet service account provided by one of the entities listed in **Exhibit A**.  Each account thus also has been identified as a point of communication on the network that offered pirated copies of the work for distribution to the larger P2P network.  Moreover, upon information and belief, each IP address is associated with the individual who controlled the computer on which a copy of the work was duplicated and from which it was distributed across the Internet service accounts identified by plaintiff.

14.     Each Defendant, upon information and belief, committed copyright infringement by duplicating and distributing the copyrighted motion picture "Weekend" using computers within their custody and control that were connected to the P2P network through the accounts with the entities listed in **Exhibit A** as Defendants' ISPs.   In addition, through torrent distribution, each Defendant knowingly distributed or reproduced portions of the work from which copyright management had been removed, causing injury to Baseprotect.

15.     Each individual Defendant also participated in a civil conspiracy in that they agreed to and did participate in an agreement to unlawfully distribute the work to other members

of the enterprise, to make unlawful duplicates of the work, to serve as a connection point and transitory service provider to the network through their private Internet accounts.

16.     Accordingly, Baseprotect's right to relief arises out of the same series of transactions or occurrences and questions of law and fact exist that are common to all Defendants.

## THE ILLEGAL REPRODUCTION AND DISTRIBUTION

17.     This case involves yet another iteration of an enterprise that created a network for the illegal duplication and distribution of copyrighted works on the Internet, a scheme that is no different in purpose or effect than other enterprises which the federal courts have faced in the past, e.g., Napster (prior to its becoming a legal paid service) and Limewire, or illegal "cyber lockers."  The only significant difference is that the enterprise at issue in this case is a torrent that operates without the use of a commercial server service, requiring a subscription, and from which the identity of the participants can be only be obtained through the use of discovery.

18.     The copyrighted motion picture "Weekend" was unlawfully duplicated among Defendants by creating a P2P network for that serves the same purpose as such recognized illegal file sharing services as the initial versions of Napster and Limewire.

19.     Rather than using a central server to store, distribute, or identify the location of illegal distribution, the Defendant Swarm and its members used a P2P Bit Torrent Protocol, or a so-called "torrent."  In a torrent the peers in the network act as their own central server and communications management system, each storing and distributing the work from individual computers and Internet service accounts, while identifying the other users from which copies may be illegally obtained.  The participants in a torrent are identified through the torrent's tracking technology, in which information about the identity of the Swarm members is

maintained on third-party web sites as well as through information that is stored and distributed from the participants' own computers.

20.     The technology requires the installation of a torrent client (an application loaded onto the user's computer) that breaks a file into pieces, transmits the file in pieces and manages the parts so transmitted so that they can be reassembled.  For the Swarm to work correctly, the unique file originally uploaded, and all of the subsequent iterations, must be verified and checked to assure that it is identical to the original.  Torrents differ from other networks for storage and distribution of copyrighted works in that they permit Internet users, regardless of limited uploading and downloading capabilities on their computers, to participate in transferring large amounts of data across the P2P network.

21.     In a torrent, the initial file provider intentionally chooses to share a file, thus creating the torrent.  The initial file is called the "seed."  The seed is assigned a unique file name, known as the hash, and is divided into multiple parts.  The hash allows the torrent to manage the distribution of the file and identifies the Swarm.

22.     A second user who identifies the file can then, using the bit torrent client, begin downloading the work in pieces.  As the second user receives a portion of the file, it is duplicated on the user's computer and offered to any other used connected to the torrent.  The file contained on the second user's computer is now also a seed.  The process is repeated with each other person who joins in the file sharing, and the group of users sharing a particular file is known as a "swarm."

23.     This piecemeal downloading system leads to viral spreading of the file throughout users.  Every user who downloads the file also offers for distribution and distributes the file to

others who choose to copy the file.  Each user is thus simultaneously duplicates the file and distributes it to others within the torrent swarm.

24.     In other P2P networks, such as Napster, a user needed to download the entire file from only one other user and that user had to make the entire file available for downloading. The torrent technology, however, creates a network of users who have stored and are now offering for distribution copies of the original file planted by the seed.  A swarm can spread rapidly and is unlimited in its ability to transfer the original work.

25.     Although the torrent does not require subscription to a central server and thus allows anonymous participation, it nonetheless requires the members of the torrent to expose their IP address to the swarm.  Through monitoring of the torrent, Baseprotect can, and has, identified the IP addresses that provide connection points to the Swarm, the fact that the work has is being offered for distribution from a particular IP address, the fact that an unlawful duplicate has been made and is being stored on an individual computer accessing the network through that particular IP address, the content of the file that is being offered from the IP address, and the fact that the file containing a copyrighted work is being offered for distribution across the torrent.

26.     Participation in the torrent requires affirmative conduct on the part of its users. The individual Defendant must install a torrent client, which is a program installed on a computer that allows connection to the torrent and manages the duplication and distribution of the work.  If the user is the seed, he or she must publish the work to the tracker.  The user that seeks to download a copyrighted work must locate the torrent using a search engine or the information stored or distributed by the torrent.  The user must then connect to the torrent to

begin downloading portions of work from other torrent members.  Once the connection is made the torrent utility manages the duplication and distribution of the work.

27.     Torrent users also distribute copyrighted works without copyright management information.  Torrent technology breaks works into small parts that are then reassembled on other computers on the torrent network.  Thus, in its manner of distribution and duplication, the torrent separates the work's copyright management information, in particular the copyright notices at the beginning and end of the work, from the entirety of the work to enable, facilitate, and conceal the ongoing infringement of the work.

28.     Moreover, the torrent, comprised of its users, the individual computers, and the connections provided through the individual Internet service accounts, thus provides for the transmission of online digital communications of other user's choosing.  Specifically, each Internet service account provides a connection point to the network through which the work in digital form has been transmitted.  Each computer participating in the torrent transmits and receives digital information and, in the process, duplicates and distributes digital information that is transmitted across the connection point onto the network.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

29.     Baseprotect incorporates each and every allegation contained in paragraphs 1 – 28 in their entirety as if set forth at length herein.

30.     Baseprotect is the beneficial owner of the exclusive rights of duplication and distribution of the motion picture "Weekend" that are the subject of this action.  Baseprotect's exclusive rights of reproduction and distribution have been infringed by the unlawful joint enterprise identified herein as Swarm # 6F3E88FE60CA4A30467E1F93EEDE61B787BFCE07, in which a torrent was created and maintained to duplicate and distribute the copyrighted work

"Weekend" without Basprotect's consent from individual computers and Internet service accounts that were part of the network.

31.     Each individual Defendant, without Baseprotect's consent, has by voluntary act duplicated and distributed the work "Weekend" from computers within their custody and control.

32.     Each individual Defendant by voluntary act has distributed the work to the network through Internet service accounts within their custody and control.

33.     **Exhibit A** identifies on a Defendant-by-Defendant basis the IP address with dates and times on which the motion picture "Weekend", without the permission Baseprotect, had been duplicated and was being offered to the network.

34.     Upon information and belief, the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Baseprotect.

35.     As a result of Defendants' infringement of Baseprotect's exclusive rights, Baseprotect is entitled to elect statutory damages pursuant to 17 U.S.C. § 504(c) against Defendants for each infringement by that Defendant occurring after the registration date of Baseprotect's copyright in the motion picture 6F3E88FE60CA4A30467E1F93EEDE61B787BFCE07.   Baseprotect is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

36.     As a result of Defendants' infringement of Baseprotect's exclusive rights, Baseprotect is entitled to actual damages and profits pursuant to 17 U.S.C. § 504(b)  against Defendants for each infringement by that Defendant of the motion picture "Weekend". Baseprotect is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

37.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Baseprotect irreparable injury for which injunctive relief is

afforded under 17 U.S.C. §§ 502 and 503.  Accordingly, Baseprotect is entitled to injunctive relief prohibiting Defendants from further infringing Baseprotect's copyrights, and ordering that each individual Defendant destroy all copies of the motion picture "Weekend" obtained in violation of Baseprotect's exclusive rights.

## COUNT II
## SECONDARY LIABILITY FOR CONTRIBUTORY AND/OR VICARIOUS COPYRIGHT INFRINGEMENT

38.     Baseprotect incorporates each and every allegation contained in paragraphs 1-37 as if set forth at length herein.

39.     Each member of the Swarm, with knowledge of the infringing activity of the Swarm, induced, caused, or materially contributed to the infringing activity of the Swarm and its individual members.

40.     The owners of the Internet accounts referred to in **Exhibit A** had the ability to control the conduct of the users accessing the Internet through that account and willfully or recklessly disregarded the copyright infringement that was occurring through the use of the Internet service account.  If not directly liable for personally copying the motion picture "Weekend", such owners of the accounts induced, caused, or materially contributed to the infringing conduct of other users in the form of the copying and distribution that occurred through the torrent.

41.     To the extent Defendants did not directly participate in the torrent, they were aware of the infringements taking place by other users, as well as aware of their own involvement in the infringement process, and materially contributed to copyright infringement committed by other users.

42.     The infringement by other Bit Torrent users could not have occurred but for the Defendants' knowing participation in the uploading and downloading of the motion picture.

43.     As such, each Defendant contributed to the individual acts of infringement of the motion picture, and is liable for the infringing acts of the persons who used the account to commit acts of infringement.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

44.     Baseprotect incorporates each and every allegation contained in paragraphs 1-43 as if set forth at length herein.

45.     The work, as published by the author, contained notices of copyright.

46.     By participating in the torrent, each of the individual Defendants, upon information and belief, knowingly caused the copyrighted work to be distributed without copyright management information for purpose of facilitating the infringement of the work in violation of 17 U.S.C. § 1202.

47.     Each individual defendant is liable under 17 U.S.C. § 1203 for statutory damages in an amount of $2,500 to $25,000, costs, and attorneys fees.  To the extent that any individual Defendant has previously had a judgment entered against him or her for violation of 17 U.S.C. §§ 1201 or 1202, such Defendant is liable for tripling of the statutory damages award.

## COUNT IV
## CIVIL CONSPIRACY

48.     Baseprotect incorporates each and every allegation contained in paragraphs 1-47 as if set forth at length herein.

49.     Each of the individual Defendants, by joining and maintaining the torrent with purpose of illegally duplicating and distributing the motion picture "Weekend", participated in a

civil conspiracy to commit an unlawful act with the express purpose of causing damage to a third person, causing damages thereby.

50.     Each Defendant knowingly agreed to violate Federal copyright law and committed an affirmative act in furtherance of his or her agreement.

51.     Each of the Defendants is jointly and severally liable for the harm caused by the conspiracy.

**WHEREFORE**, Baseprotect demands judgment against each Defendant as follows:

1.     For an injunction against each defendant providing:

"Defendant shall be and hereby is enjoined from directly or indirectly copying or distributing (including offering for download by bit torrent or comparable technology) the motion picture "Weekend", except pursuant to a lawful license or with the express authority of Baseprotect or its successor or assign.  Defendant shall destroy all copies of the motion picture "Weekend" that Defendant has downloaded onto any computer hard drive or server without Baseprotect's authorization and shall destroy all copies of those downloaded onto any physical medium or device in Defendant's possession, custody, or control."

2.     Against the enterprise, for statutory damages for infringement occurring after the effective registration date of the motion picture "Weekend" pursuant to 17 U.S.C. § 504 in the amount of $150,000.

3.     Against the enterprise, for actual damages and profits for each infringement occurring before the registration date of the motion picture "Weekend" pursuant to 17 U.S.C. § 504(b).

4.     Against each of the individual Defendants, jointly and severally, for all damages resulting from the conduct of the enterprise;

WKND6F3E8                                        13

5.      Against the individual Defendants, for statutory damages pursuant to 17 U.S.C. § 1203;

6.      Against the individual Defendants, jointly and severally, for all damages suffered as a result of the conspiracy to unlawfully distribute the motion picture "Weekend";

7.      Against each individual Defendant, for statutory damages for infringement occurring after the effective registration date of the motion picture "Weekend" pursuant to 17 U.S.C. § 504 in the amount of $150,000.

8.      Against each individual Defendant, for actual damages and profits for each infringement occurring before the registration date of the motion picture "Weekend" pursuant to 17 U.S.C. § 504(b).

9.      For Baseprotect's costs in this action.

10.    For Baseprotect's reasonable attorneys' fees incurred herein.

11.    For such other and further relief as the Court may deem just and proper.


## JURY DEMAND

Attorneys for Plaintiff Baseprotect demand trial by jury as to all issues so triable.

DATED:  December 15, 2011               THE MCDANIEL LAW FIRM, P.C.


By:    _____
        Jay R. McDaniel, Esq.
        *Attorneys for Baseprotect USA, Inc.*

## LOCAL RULE 11.2 CERTIFICATION

I certify that to the best of my knowledge, the matter in controversy is not the subject of

any other action pending in any court, or of any pending arbitration or administrative proceeding.

DATED:  December 15, 2011                THE MCDANIEL LAW FIRM, P.C.

By:   _____
                              Jay R. McDaniel, Esq.
                              *Attorneys for Baseprotect USA, Inc.*

# EXHIBIT A

| John Doe # | ISP | IP Address | Date & Time (UTC) | File Hash | City | State |
|---|---|---|---|---|---|---|
| WKND6F3E8 - 1 | Case Western Reserve Un | 192.5.109.34 | 2011.11.15 11:23 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Cleveland | OH |
| WKND6F3E8 - 2 | Charter Communications | 96.35.142.211 | 2011.11.21 07:52 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Saint Louis | MO |
| WKND6F3E8 - 3 | Charter Communications | 71.90.124.40 | 2011.11.10 11:30 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Wisconsin Rapids | WI |
| WKND6F3E8 - 4 | Clearwire Corporation | 71.23.148.159 | 2011.11.03 11:38 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Chicago | IL |
| WKND6F3E8 - 5 | Comcast Cable | 24.5.64.145 | 2011.10.30 10:00 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | San Francisco | CA |
| WKND6F3E8 - 6 | Comcast Cable | 24.5.193.191 | 2011.10.30 01:43 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | El Cerrito | CA |
| WKND6F3E8 - 7 | Comcast Cable | 71.233.100.141 | 2011.11.09 02:54 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | New Britain | CT |
| WKND6F3E8 - 8 | Comcast Cable | 98.208.148.61 | 2011.10.26 03:05 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Naples | FL |
| WKND6F3E8 - 9 | Comcast Cable | 67.163.83.218 | 2011.11.06 03:36 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Chicago | IL |
| WKND6F3E8 - 10 | Comcast Cable | 98.193.103.70 | 2011.11.15 07:54 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Chicago | IL |
| WKND6F3E8 - 11 | Comcast Cable | 69.246.230.119 | 2011.11.04 03:56 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Morris | IL |
| WKND6F3E8 - 12 | Comcast Cable | 24.13.42.16 | 2011.10.17 08:46 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Mount Prospect | IL |
| WKND6F3E8 - 13 | Comcast Cable | 98.213.47.27 | 2011.11.04 01:17 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Oak Park | IL |
| WKND6F3E8 - 14 | Comcast Cable | 98.226.10.179 | 2011.11.09 05:40 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Palatine | IL |
| WKND6F3E8 - 15 | Comcast Cable | 98.226.168.116 | 2011.10.06 07:46 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Muncie | IN |
| WKND6F3E8 - 16 | Comcast Cable | 24.62.200.72 | 2011.11.17 07:01 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Amherst | MA |
| WKND6F3E8 - 17 | Comcast Cable | 66.31.40.130 | 2011.11.06 02:14 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Cambridge | MA |
| WKND6F3E8 - 18 | Comcast Cable | 68.50.229.120 | 2011.11.04 02:16 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Baltimore | MD |
| WKND6F3E8 - 19 | Comcast Cable | 69.251.57.107 | 2011.10.17 11:02 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Lutherville Timonium | MD |
| WKND6F3E8 - 20 | Comcast Cable | 76.113.7.60 | 2011.11.06 12:14 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Albuquerque | NM |
| WKND6F3E8 - 21 | Comcast Cable | 67.189.56.186 | 2011.11.14 05:50 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Albany | OR |
| WKND6F3E8 - 22 | Comcast Cable | 76.105.166.183 | 2011.10.25 03:44 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Beaverton | OR |
| WKND6F3E8 - 23 | Comcast Cable | 24.20.16.227 | 2011.11.04 05:31 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Corvallis | OR |
| WKND6F3E8 - 24 | Cox Communications | 68.108.84.245 | 2011.11.16 05:59 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Henderson | NV |
| WKND6F3E8 - 25 | Frontier Communications | 50.54.142.68 | 2011.10.26 01:09 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Burlington | WA |
| WKND6F3E8 - 26 | Frontier Communications | 50.54.134.20 | 2011.11.08 12:34 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Mount Vernon | WA |
| WKND6F3E8 - 27 | Global Crossing | 208.50.108.52 | 2011.11.16 04:33 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Cleveland | OH |
| WKND6F3E8 - 28 | Hotwire Communications | 24.238.23.12 | 2011.10.24 10:35 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Miami | FL |
| WKND6F3E8 - 29 | Maxsip Telecom Corp | 199.19.186.8 | 2011.11.15 01:57 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | New York | NY |
| WKND6F3E8 - 30 | Optimum Online | 24.185.5.155 | 2011.10.25 04:01 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Brooklyn | NY |
| WKND6F3E8 - 31 | PaeTec Communications | 63.252.64.254 | 2011.10.11 10:57 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Urbana | IL |
| WKND6F3E8 - 32 | Qwest Communications | 174.31.152.136 | 2011.11.09 08:39 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Seattle | WA |
| WKND6F3E8 - 33 | RCN Corporation | 146.115.147.8 | 2011.10.13 05:55 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Newton Center | MA |
| WKND6F3E8 - 34 | Road Runner | 76.180.165.34 | 2011.10.25 05:49 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Buffalo | NY |
| WKND6F3E8 - 35 | Road Runner | 76.181.68.87 | 2011.10.10 12:19 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Columbus | OH |
| WKND6F3E8 - 36 | Road Runner | 75.187.59.13 | 2011.10.13 05:54 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Columbus | OH |
| WKND6F3E8 - 37 | Road Runner | 24.209.149.48 | 2011.11.17 03:40 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Milwaukee | WI |
| WKND6F3E8 - 38 | Road Runner | 24.209.181.46 | 2011.10.25 02:39 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Waukesha | WI |

| | | | | | | |
|---|---|---|---|---|---|---|
| WKND6F3E8 - 39 | SBC Internet Services | 69.228.47.209 | 2011.11.21 12:00 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Gardena | CA |
| WKND6F3E8 - 40 | SBC Internet Services | 99.49.251.243 | 2011.10.24 08:08 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Shorewood | IL |
| WKND6F3E8 - 41 | SBC Internet Services | 76.241.81.88 | 2011.11.02 02:51 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Cleveland | OH |
| WKND6F3E8 - 42 | SBC Internet Services | 76.243.190.8 | 2011.11.16 04:55 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Cleveland | OH |
| WKND6F3E8 - 43 | SBC Internet Services | 99.68.252.158 | 2011.11.10 03:50 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Houston | TX |
| WKND6F3E8 - 44 | SBC Internet Services | 70.138.176.22 | 2011.11.14 10:30 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Houston | TX |
| WKND6F3E8 - 45 | SingleHop | 69.175.21.154 | 2011.11.19 09:27 PM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Chicago | IL |
| WKND6F3E8 - 46 | State University of New Yor | 128.205.201.13 | 2011.10.26 04:10 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Buffalo | NY |
| WKND6F3E8 - 47 | Verizon Internet Services | 173.60.203.116 | 2011.11.20 03:21 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Redondo Beach | CA |
| WKND6F3E8 - 48 | Verizon Internet Services | 98.109.47.225 | 2011.11.14 02:27 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | North Bergen | NJ |
| WKND6F3E8 - 49 | Verizon Internet Services | 71.172.85.76 | 2011.11.04 01:31 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Roselle Park | NJ |
| WKND6F3E8 - 50 | Verizon Internet Services | 96.225.108.207 | 2011.10.12 01:39 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Teaneck | NJ |
| WKND6F3E8 - 51 | Verizon Internet Services | 108.17.36.100 | 2011.11.05 06:46 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Buffalo | NY |
| WKND6F3E8 - 52 | Verizon Internet Services | 96.240.84.36 | 2011.10.24 09:03 AM | 6F3E88FE60CA4A30467E1F93EEDE61B787E | Buffalo | NY |

# EXHIBIT B

# *-APPLICATION-*

## Title
**Title of Work:** Weekend

## Completion/Publication
**Year of Completion:** 2010

**Date of 1st Publication:** January 5, 2011          **Nation of 1st Publication:** Poland

## Author
- **Author:** Cezar 10

  **Author Created:** production/producer

  **Work made for hire:** Yes

  **Citizen of:** Poland          **Domiciled in:** Poland

- **Author:** Leslaw Kazmierczak

  **Author Created:** script/screenplay

  **Work made for hire:** No

  **Citizen of:** Poland          **Domiciled in:** Poland

- **Author:** Cezary Pazura

  **Author Created:** direction/director, production/producer

  **Work made for hire:** No

  **Citizen of:** Poland          **Domiciled in:** Poland

- **Author:** Grzegorz Kuczeriszka

  **Author Created:** Director of Photography

  **Citizen of:** Poland          **Domiciled in:** Poland

## Copyright claimant
**Copyright Claimant:** Cezar 10

Chelmska 21 bud 4A lok. 119, Warsaw, 00-724, Poland

## Rights and Permissions

**Organization Name:** Cezar 10

**Address:** Chelmska 21 bud 4A lok 119

Warsaw,  00-724  Poland

## Certification

**Name:** Cezar 10

**Date:** March 7, 2011

**Registration #:**

**Service Request #:** 1-577852350

**Priority:** Routine                    **Application Date:** March 7, 2011 06:02:30 AM

Correspondent ————————————————————————————————

**Name:** Katarzyna  Kaczmarek

**Email:** kat.kaczmarek@gmail.com                    **Telephone:** +48-662-2757 67   000

**Address:** kat.kaczmarek@gmail.com
Warsaw, Poland

Mail Certificate ————————————————————————————————

Cezar 10
Cezary Pazura
Chelmska 21 bud 4A lok 119
Warsaw,  00-724  Poland

EXHIBIT C

# Licence Agreement (Motion Picture)

Between

**BASEPROTECT GmbH**
Director -Peter Bechthold
Friedrich-Engels-Str.5
67655 Kaiserslautern
Germany

- Baseprotect -


And

**CEZAR 10**
Director-Cezary Pazura
ul. Chełmska 21 bud 4a/119
00-724 Warszawa
Poland


- LICENSOR-.


### 1.   Terms of Contract

LICENSOR produces motion picture  and owns and controls all rights, title and interest in the motion picture (incl. sounds, pictures, and any trademarks on further content) as described and specified in the enclosed **Amendment 1** to this agreement here (hereinafter referred to as motion picture ). Baseprotect is engaged in the prevention of online exploitation of different rights and / or products and also obtains from producers of motion picture exclusive rights in order to enable Baseprotect in its own name and on its own account to prevent the illegal exploitation of these rights in Filesharing Networks.

Herewith, LICENSOR appoints Baseprotect according to the following provisions. The parties agree that **for LICENSOR** this appointment shall **not produce any costs.**


### 2.   Transfer of Rights / Warranties / Third party claims

LICENSOR, herewith, transfers to Baseprotect for the entire duration of this agreement the worldwide and exclusive right in motion picture listed in attachments to this Agreement with respect to filesharing in P2P networks, e.g. limited to networks where participants are user and supplier at the same time and where a participant makes publicly available content which is stored on his personal computer directly to other participants without inclusion of a centralized server. This transfer of right shall apply to filesharing networks such as bittorent, eDonkey, eMule, Bearshare, Gnutella, Gnutella2, Kazaa, Limewire, Fast Track, Soulseek, GNUnet or Kademlia **and for remove of illegal copies from file repositories, FTP, social networks and online viewing site's.**


LICENSOR guarantees that he actually owns and controls all rights transferred to Baseprotect here and as a consequence and in case that Baseprotect will be held responsible for any third party claims will hold Baseprotect fully harmless of all such claims. If required and requested by Baseprotect, LICENSOR will at all times immediately support Baseprotect to enable Baseprotect to fully comply with the abovementioned appointment as the case may be to and will therefore especially provide Baseprotect with all documents and / or other proofs to substantiate LICENSORS chains of title.

### 3.  Prosecution of Rights

LICENSOR is aware of the fact, that Baseprotect is detecting and prosecuting illegal offers of the motion picture in said networks and that Baseprotect will take different steps to pursue such offers by all means. For the avoidance of any doubt, LICENSOR herewith confirms that if illegal usage of the motion picture is detected, Baseprotect is fully entitled in its own name and on its own account to take all steps to prepare or initiate proceedings and / or to assert all claims such as e.g. to stop any further exploitation, for information, compensation, reimbursement of expenses and all other claims provided in the applicable laws, rules and regulations. Baseprotect is also fully entitled without LICENSORS consent to conclude all kinds of agreements (in or out of court) that may be necessary to settle any prosecution or pursuance. Baseprotect has the sole power to decide whether and how illegal offers will be prosecuted. Baseprotect bears all costs borne by Baseprotect´s prosecution.

### 4.  Reimbursement

In return for the rights granted here, LICENSOR will receive a share of 20 % of all net receipts, collected through Baseprotect and comes on the Baseprotect bank account. (Not including lawyer's fees, I. S. Provider, Lawyer cost, data processing cost or court fees and value-added tax).

For 30 days remove of illegal copies from file repositories, FTP, social networks and online viewing site's pays LIZENSOR of his portion 2 € for file.

Baseprotect shall provide LICENSOR with written statements comprising all net receipts actually received within the relevant period on a quarter-annually basis on 31 March, 30 June, 30 September and 31 December. Payments to LICENSOR will be made within two further weeks. If not objected by LICENSOR within twelve (12) month as of the end of the initial quarter, this statement shall automatically be considered as accepted.

Once a year, LICENSOR has the right – at its own expenses – to have Baseprotect´s books examined by a neutral and independent certified public accountant. Any incorrectness will lead to additional payments by Baseprotect. Both parties of this contract agree that the result of such control will be kept secret. In case that an examination results in a difference to LICENSORS disadvantage of more than 5 (five percent), Baseprotect will compensate LICENSOR for all costs, that are reasonable and usually paid for comparable examinations.

### 5.  Term

The parties herewith agree to a term of one (1) year as of the date of signature of this agreement here. This term shall extend on a one year basis if not terminated before the initial contract year comes to an end. Regardless of that but always provided that this will not be possible before the end of six (6) month, both parties shall always have the right to terminate this agreement with a three (3) months' notice. Each termination shall always be in writing.

In case that further motion picture is comprised by this agreement, any deadline, period or term shall always calculated on the date the additional motion picture was added.

Both parties' rights to terminate this agreement for serious course remain hereby untouched.

As any motion picture   subject of this agreement here independent of any termination of this agreement, Baseprotect will still have the right to continue all prosecutions either out of or in front of a court and finalize all such measures in good faith. Clause 4 of this agreement shall be applicable.



**6.  Miscellaneous**

LICENSOR will provide Baseprotect with sample copies of the motion picture in a way it is usually sold to customers or retail markets. In case, that Baseprotect in order to prosecute or pursue the rights transferred in this agreement here will need more of such samples or requires other technical configurations, LICENSOR on its own costs will provide Baseprotect with such additional pieces.

No modification, amendment, waiver, termination or discharge of this agreement or of any term thereof shall binding except by an instrument in writing signed by both parties. This shall also apply to the cancellation of this requirement.

The invalidity of one part or parts of this agreement shall not affect the validity of the entire agreement and the parties hereto agree that they will in good faith substitute such invalid part or party by similar valid clauses.

It is agreed that as to the contractual relations between Baseprotect and LICENSOR the laws of the Federal Republic of Germany shall be applicable. In case of disputes, the competent court for Baseprotect shall have jurisdiction.

Date_____

LICENSOR,  Cezary Pazura

**CEZAR 10** Sp. z o.o.
00-724 Warszawa
**ul. Chelmska 21, BUD 4A lok. 119,122**
**NIP: 951-22-27-786,** tel./fax 22 851 11 24
e-mail: cezar10.film@gmail.com

Date _07.02.2011_____

Baseprotect, Director- Peter Bechthold

**baseprotect GmbH**
*Director Peter Bechthold*
Friedrich-Engels-Str. 5
D-67655 Kaiserslautern
HR.NR.-HRB 30781
UID-DE267189130

**Amendment 1**

# Motion picture

| Title | Release Date | Territory | Price |
|-------|--------------|-----------|-------|
| Weekend | 01-04-2011 | World | 149zł/39€ |

Prezes Zarządu

Cezary Pazura

Date_____

LICENSOR, Cezary Pazura

**CEZAR 10** Sp. z o.o.
00-724 Warszawa
ul. Chełmska 21, BUD 4A lok. 119,122
**NIP:** 951-22-27-786,  tel./fax 22 851 11 ;
e-mail: cezar10.film@gmail.com

Date  03.02.2011 _____

Baseprotect, Director- Peter Bechthold

**baseprotect GmbH**
Director Peter Bechthold
Friedrich-Engels-Str. 5
D-67655 Kaiserslautern
HR.NR.-HRB 30781
UID-DE267189130

# Affidavit

In lieu of an oath and being informed that under the German Criminal Code it is considered a criminal offense to make a false affidavit,

I, Cezary Pazura, director of the company CEZAR 10  ul. Chełmska 21 Bud 4a/119
00-724 Warszawa, Poland

herewith declare as follows:

The Company exclusively owns and controls rights in the motion picture  as mentioned hereunder. Company's ownership not only includes all rights in motion picture  but also all other rights and claims that may exist also under other legal provisions than the copyright act.

## Motion picture

| Title | Release Date | Territory | Price |
|-------|--------------|-----------|-------|
| Weekend | 01-04-2011 | World | 149zł/39€ |

Prezes Zarządu

Cezary Pazura

Date_____

LICENSOR,  Cezary Pazura

CEZAR 10 Sp. z o.o.
00-724 Warszawa
ul. Chełmska 21, BUD 4A lok. 119,122
NIP: 951-22-27-786,  tel./fax 22 851 11 24
e-mail: cezar10.film@gmail.com