**UNITED STATES DISTRICT COURT**

DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

October 17, 2012

TO ALL COUNSEL AND LITIGANTS OF RECORD

**LETTER ORDER**

**Re:**  **Baseprotect USA, Inc. v. SWARM # 06159132D21BBC88ED40B6E51278879F25243F, et al.**     (civ. no. 11-7288)

**Baseprotect USA, Inc. v. SWARM # 1277D1F87FA9C4F28D43D2C07E9EF6816E366ED1, et al.**     (civ. no. 11-7289)

**Baseprotect USA, Inc. v. SWARM # 2FB37F51EE4580E804848C519A227B03, et al.**     (civ. no. 11-7290)

**Baseprotect USA, Inc. v. SWARM # 6F3E88FE60CA4A30467E1F93EEDE61B787BFCE07, et al.**     (civ. no. 11-7291)

**Baseprotect USA, Inc. v. SWARM # C32E92D72464FFCA072C0BFAC77C5AD7F7584036, et al.**     (civ. no. 11-7292)

Dear Counsel and Litigants:

  Before the Court are several motions filed by individuals identified as John Does ("John Does" or "movants") in response to a series of identical subpoenas served by Plaintiff Baseprotect USA, Inc. ("Baseprotect") on non-party Comcast Communications ("Comcast") in the above-referenced actions. (Civ. No. 11-7288 Dkt. Entries 6,7,8; Civ. No. 11-7289 Dkt. Entry 7; Civ. No. 11-7290 Dkt. Entries 7,10,12; Civ. No. 11-7291 Dkt. Entry 7; Civ. No. 11-7292 Dkt. Entries 10,11,12,13,14). The various motions seek any one or a combination of the following relief: dismissal of the complaint; severing claims and/or parties; quashing or modifying the subpoena; entering a protective order; and/or allowing a movant to proceed anonymously. Baseprotect opposes each of the motions. Further pending before the Court is the cross-motion of Baseprotect for a preliminary injunction against some of the movants. (Civ. No. 11-7288 Dkt. Entry 12; Civ. No. 11-7289 Dkt. Entry 9; Civ. No. 11-7290 Dkt. Entry 9; Civ. No. 11-7291 Dkt. Entry 9; Civ. No. 11-7292 Dkt. Entries 20, 22, 24). No opposition has been filed in connection

with the motions for a preliminary injunction. No oral argument was heard pursuant to FED. R. CIV. P. 78.

After considering all of the papers submitted in connection with each of the motions, for good cause shown, and for the reasons set forth below, the Court denies all of the movant's motions as well as Baseprotect's cross-motion for a preliminary injunction.

**I.      BACKGROUND**

As it relates to the instant motions, Baseprotect filed five separate copyright infringement actions against five "Swarm" or "Torrent" enterprises and a total of 306 "John Does."[1] According to Baseprotect, each Swarm is a joint enterprise wherein its members, by express agreement, created and/or maintained a file-sharing Peer-to-Peer ("P2P") network on the Internet that unlawfully duplicated and distributed Baseprotect's copyrighted work, the motion picture "*Weekend*."[2] (Compl. at ¶¶ 1, 3 Dkt. Entry 1 in each of the five civil actions). Each John Doe member allegedly joined the P2P network and agreed to act as both a server on which illegal copies of the copyrighted work was duplicated and stored, and illegally offered the copyrighted work to other members of the network for duplication.[3] (Id. at ¶ 3). Accordingly, the John Doe members Doe Defendants are liable for their individual acts of infringement and jointly and severally liable for the unlawful conduct of the Swarm enterprise. (Id. at ¶ 1).

---

[1] In each civil action, Baseprotect names one particular Swarm enterprise as a defendant and numerous Doe Defendants identified by Internet Protocol ("IP") addresses. The breakdown of defendants is as follows: (1) in civil action no. 11-7288, Baseprotect has named Swarm # 06159132D21BBC88ED40B6E51278879F25243F and 42 Doe Defendants; (2) in civil action no. 11-7289, Baseprotect has named Swarm #1277D1F87FA9C4F28D43D2C07E9EF6816E366ED1 and 29 Doe Defendants; (3) in civil action no. 11-7290, Baseprotect has named Swarm # 2FB37F51EE4580E804848C519A227B03 and 20 Doe Defendants; (4) in civil action no. 11-7291, Baseprotect has named Swarm #6F3E88FE60CA4A30467E1F93EEDE61B787BFCE07 and 52 Doe Defendants; and (5) in civil action no. 11-7292, Baseprotect has named Swarm # C32E92D72464FFCA072C0BFAC77C5AD7F7584036 and 163 Doe Defendants. (See Compl. at Exh. A attached thereto (Dkt. Entry 1 in civ. no. 11-7288, 11-7289, 11-7290, 11-7291, 11-7292)).

[2] Baseprotect is a New Jersey corporation that protects copyright holders from internet infringement. (Compl. at ¶ 5, [Dkt. Entry 1], in each of the five civil actions). Baseprotect is the owner of the motion picture "*Weekend*," and holds exclusive rights to its duplication and distribution, including through file-sharing networks. (Id. at ¶ 6).

[3] For a more detailed explanation of how each Defendant Swarm and its Defendant Doe members allegedly used the Torrent technology to commit copyright infringement, see Baseprotect's Complaint at paragraphs 19-28, (Dkt. Entry 1), filed in each of the five civil actions.

John Doe members of the five Swarms at issue remain anonymous. (Id. at ¶¶ 9, 25). Baseprotect knows each member only by the Internet Protocol ("IP") address assigned to each member's internet service account by his or her Internet Service Provider ("ISP") on the date and time that each John Doe participated in the unlawful file-sharing enterprise. (Id. at ¶¶ 9, 25). These John Doe defendants are the individual copyright violators identified by Baseprotect as being tied to one of the five defendant Swarms. (Dkt. No. 1, ¶ 17-28).

In each of the five actions, Baseprotect filed a motion to expedite discovery because the particular John Doe members' identities are stored only temporarily by their ISP, Comcast Communications. This Court, in turn, entered an Order granting expedited discovery.

Baseprotect served Comcast with the disputed subpoenaes seeking production of the names and physical addresses of the Internet account owners identified by their IP addresses and the date and time of use. In each of the five pending actions, only a handful of the total 306 John Doe defendants have filed motions in response to the subpoenas. The motions submitted in each case vary[4], as explained below:

1. Civil action no. 11-7288 (SDW): two individuals identified only as "John Doe Under Fire" and "John Doe" each filed pro se a motion to quash or modify the subpoena, to dismiss, and to proceed anonymously, (Dkt. Entry 6 and 7); and attorney Darius Marzec on behalf of an individual identified as John Doe 6 and IP address 24.13.138.223, (see Complaint at Exh. A), filed a motion to quash, for a protective order, and to dismiss (Dkt. Entry 8);

2. Civil action no. 11-7289 (SDW): an individual identified as John Doe 10 and IP address 67.170.86.147, (see Complaint at Exh. A), filed pro se a motion to quash, for a protective order, and to dismiss (Dkt. Entry 7);

3. Civil action no. 11-7290 (SDW): attorney Eric Aglow on behalf of an individual identified as John Doe 7 and IP address 68.39.55.89, (see Complaint at Exh. A), filed a motion to quash and to dismiss (Dkt. Entry 7); an unidentified individual filed pro se a motion to quash or modify the subpoena, to dismiss, and to proceed anonymously (Dkt. Entry 10); and an individual identified as John Doe 8 and IP address 68.197.32.38, (see Complaint

---

[4] However, most of the pro se movants have submitted a variation of what appears to be a standardized motion for this type of case (hereafter the "Standard Motion"). In its opposition brief, Baseprotect states that the Standard Motion "is copied from the blog 'dietrolldie.com.'"

        at Exh. A), filed pro se a motion to quash or modify the subpoena and to dismiss (Dkt. Entry 12);

4.    <u>Civil action no. 11-7291 (SDW)</u>: an individual identified as John Doe 8 and IP address 98.208.148.61, (see Complaint at Exh. A), filed pro se a motion to quash the subpoena and to proceed anonymously (Dkt. Entry 7); and

5.    <u>Civil action no. 11-7292 (SDW)</u>: an unidentified individual filed pro se a motion to quash or modify the subpoena and to dismiss (Dkt. Entry 10); an individual identified as John Doe 40 and IP address 24.21.136.73, (see Complaint at Exh. A), filed pro se a motion to quash or modify the subpoena (Dkt. Entry 11); an individual identified as John Doe 22 and IP address 76.108.204.117, (see Complaint at Exh. A), filed pro se a motion to dismiss, quash, for a protective order, and to proceed anonymously (Dkt. Entry 12); attorney Jeffrey German on behalf of an individual identified as John Doe 44 and IP address 98.221.248.198, (see Complaint at Exh. A), filed a motion to quash (Dkt. Entry 13); and attorney Onnie Dickerson, III on behalf of an individual identified as John Doe 131 and IP address 99.57.117.214, (see Complaint at Exh. A), filed a motion to quash and to dismiss (Dkt. Entry 14).

## II.    ANALYSIS

    A.    <u>Standing</u>

    As a preliminary matter, this Court first addresses whether the movants have standing to quash or modify a subpoena not issued to them. Generally, only a non-party served with the subpoena has standing to move to quash or modify it. <u>Thomas v. Martina Assocs.</u>, 202 F.R.D. 433, 434-35 (E.D. Pa. 2001). However, a party to an action has standing to quash or modify a subpoena served on a non-party "when the party claims a personal privilege in the production sought." <u>Schmulovich v. 1161 Rt. 9 LLC</u>, Civ. No. 07-597, 2007 WL 2362598, at * 2 (D.N.J. Aug. 15, 2007) (internal citations omitted).

    Here, in each subpoena, Baseprotect seeks only information about the subscriber assigned a particular IP address. Each subpoena specifically compels Comcast to produce the names and physical addresses only of the Internet account owners identified by each IP address tied to each Swarm enterprise as well as the date and time of use. Indeed, in granting Baseprotect's respective motions for expedited discovery, this Court permitted Baseprotect to obtain only such

limited information about each subscriber. Additionally, the Court restricted Baseprotect's use of such information solely for the purpose of prosecuting its rights as set forth in each Complaint, respectively.

The Court is convinced that no privilege attaches to protect the subpoenaed information from being disclosed to Baseprotect for the purposes sought. See, e.g., Hard Drive Productions, Inc. v. Does 1-1,495, Civ. No. 11-1741, 2012 WL 3296582, at * 3 (D.C.C. Aug. 13, 2012) (finding no privilege, recognized by the law, that protects subscriber information for a particular IP address from disclosure for use by copyright holder in infringement suit); West Coast Productions, Inc. v. Does 1-351, Civ. No. 12-504, 2012 WL 2577551, at * 4 (S.D. Tex. Jul. 3, 2012) (find that "[t]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by others, the First Amendment is no protection."). As the movants cannot assert a recognized privilege with respect to their own subscriber information, the Court finds that the movants do not have proper standing to move to quash or modify the Comcast subpoenas. Accordingly, those motions seeking to quash or modify the subpoenas are denied without prejudice on this basis alone.

Additionally, with respect to those motions seeking to dismiss the Complaints on the merits, the Court is not convinced that the movants have standing to so argue. The Court notes that none of these John Does have been identified and named as actual defendants in any of the five pending actions. Until Baseprotect has been provided with the names and addresses of each subscriber for a particular IP address, it remains an open question as to whether Baseprotect will move to amend to name particular defendants. Thus, at this time, the movants have not presented an actual case or controversy over which this Court has subject matter jurisdiction. See id. (internal citations omitted). Accordingly, those motions seeking dismissal of the Complaints are denied without prejudice on this basis alone.

      B.     <u>Merits of the Motions To Quash Or Modify Subpoenas</u>

Even if this Court were to reach the merits of the motions to quash or modify, the Court finds that the motions are meritless. Movants allege that the subpoenas should be quashed because they seek irrelevant information and exceeds the scope of permissible discovery. This Court disagrees.

The Court is authorized to quash a subpoena if the information sought exceeds the broad scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). Schmulovich, 2007 WL 2362598, at *2 ("A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)."). Rule 26 allows parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Information is within the permissible scope of discovery if "it appears reasonably calculated to lead to the discovery of admissible evidence," but need not be admissible itself. Schmulovich, 2007 WL 2362598, at *1. The Court does not have authority to quash a subpoena that "leads to unprivileged, relevant or admissible evidence." Id. at *2.

Here, the Court is satisfied that the names and addresses of the subscribers identified by the IP address at issue are relevant to Baseprotect's copyright and infringement claims. Without the ability to obtain the requested information, Baseprotect will be without any means of identifying those individuals who allegedly violated its rights as a copyright holder. See Hard Drive Productions, 2012 WL 3296582, at * 3. Therefore, the Court declines to quash or modify the subpoena on the grounds that it exceeds the scope of permissible discovery. Nor can the Court find that the information sought includes otherwise confidential or non-discoverable information. Baseprotect only seeks the names and addresses of Comcast subscribers.

Lastly, some movants contend that having to challenge an out-of-state subpoena in another district alone imposes an undue burden. This Court is not persuaded. The Court finds that providing a name and address in itself is not unduly burdensome. Furthermore, as set forth below, whether this Court has personal jurisdiction over a particular out-of-state John Doe is premature at this juncture when Baseprotect has not yet identified and named the defendants against whom claims in fact will be asserted. See West Coast Productions, 2012 WL 2577551, at * 3. As such, the Court denies without prejudice the motions to quash or modify the subpoenas.

    C.       Protective Order

Some movants further argue that a protective order should be issued. As discussed below, the Court is satisfied that there is no basis for such relief. Pursuant to Fed. R. Civ. P. 26(c)(1), "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984). The movant must show the injury with specificity. Id. The Third Circuit has established that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient to show good cause. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987).

The Court finds that no "good cause" has been demonstrated here to preclude disclosure of the names and addresses of the Comcast subscribers. The movants' request for a protective order is therefore denied.

    D.       Improper Joinder and Severing Claims and/or Parties

Some movants claim that the John Doe defendants have been improperly joined, and that severance is appropriate. This Court disagrees. Complaints about improper joinder are not ripe for determination unless and until Baseprotect names the movants as actual defendants. See Hard Drive Productions, 2012 WL 3296582, at * 3. Indeed, based on the information sought in the subpoena, Baseprotect may decide to name as defendants only a fraction of the 306 subscribers as listed by IP addresses in the five pending actions. Thus, the number of defendants

might be significantly smaller than the present number of John Does, further highlighting the premature nature of deciding the issue of joinder.[5]

Here, for purposes of serving subpoenas to ascertain the defendants identity, the Court is satisfied that joinder is proper. The Complaint alleges that all defendants downloaded and distributed the same copyrighted work using a singular service in the same manner. Similarly, there is no basis to sever such similar claims at this early stage. Defendants' motion to sever is therefore denied. Issues of joinder severance can be raised on a Motion to Dismiss.

  E.  <u>Dismissal On The Merits</u>

Finally, some movants argue that Baseprotect has failed to allege a valid claim against them, primarily because Baseprotect has not shown that the IP address is directly linked to the copyright infringer. This Court finds that the merits of these five cases are not relevant to the issue of whether the subpoenas are valid and enforceable. Additionally, unless and until Baseprotect names these movants as actual defendants, their motions to dismiss on the merits are premature. Accordingly, the motions to dismiss are denied. If and when movants are named as defendants and are served with the Complaint, they can move to dismiss.[6]

  F.  <u>Cross-Motions for A Preliminary Injunction</u>

Baseprotect has filed several cross-motions for a preliminary injunction to enjoin and restrain some of the particular Swarm defendants and John Doe defendants, identified by particular IP addresses, from continuing to distribute the copyrighted movie "*Weekend*" on the internet, and from destroying evidence of previously unlawful distributed work because it is discoverable in these litigations. Until Baseprotect is able to identify these particular John Does by name and address, the Court finds that its application for a preliminary injunction is premature. Thus, the Court denies without prejudice Baseprotect's motions at this time. However, all John Doe members of each of the five defendant Swarms are on notice to safeguard against the loss of any information that is discoverable and/or admissible as evidence in these five pending actions.

---

[5] While the Court declines to do so, it recognizes that several courts around the country have decided the issue of joinder at this early phase of litigation. Indeed, federal courts are divided on whether joinder of John Doe defendants in a torrent technology infringement action is improper. See <u>Cinetel Films, Inc. v. Does 1-1,052</u>, 853 F. Supp.2d 545, 550 (D. Md. 2012) (collecting cases where courts found joinder was improper as compared with those courts that found joinder was proper).

[6] Some movants also raise the issues of personal jurisdiction and venue as bases for dismissing the Complaints. Again, these arguments are premature, and instead should be properly raised in a dispositive motion after the movants are identified and named as actual defendants and served with the Complaints.

**III.     CONCLUSION**

For the foregoing reasons, each of the John Does' motions to dismiss and/or to sever are **DENIED WITHOUT PREJUDICE AS PREMATURE**. These motions may be re-filed if and when the movants are identified and named as actual defendants and served with the respective Complaints. Each of the John Does' motions to quash or modify a subpoena and/or for a protective order are **DENIED**. Each of the John Does' motions to proceed anonymously are **DISMISSED AS MOOT**. Baseprotect's cross-motions for a preliminary injunction are **DENIED WITHOUT PREJUDICE AS PREMATURE**. These cross-motions may be re-filed if and when the movants are identified and named as actual defendants and served with the Complaints.[7]

**SO ORDERED.**

_s/Madeline Cox Arleo_
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc:     Clerk
        Hon. Susan D. Wigenton, U.S.D.J.
        File

---

[7] The Court notes that, in connection with civil action no. 11-7288, on October 10, 2012, the Clerk of the Court issued a notice to Baseprotect, advising that it had not paid the mandatory court filing fee of $350. (See Dkt. Entry 13). The Clerk admonished that if Baseprotect did not remit the filing fee or apply for *in forma pauperis* status within 21 days of the date of entry of the October 10 letter, the Complaint will be deemed withdrawn, and the Court will close the file in this action. Baseprotect should be guided accordingly.